UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IAN MCCLELLAN,

    Plaintiff,

vs.                                          Case No.  3:12-cv-837-J-MCR

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") on June 13, 2008 alleging June 13, 2008 as the onset date.  (Tr. 91-97).  Plaintiff's claims were denied initially on November 5, 2008 and upon reconsideration on February 18, 2009.  (Tr. 46-50).  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was conducted on August 25, 2010.  (Tr. 29-42).  The ALJ ultimately found Plaintiff was not disabled in a decision dated October 5, 2010.  (Tr. 16-23).  Plaintiff requested review of the ALJ's decision and the Appeals Council denied the request on May 22, 2012.  (Tr. 1-3).  Plaintiff timely filed

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 6).

his complaint in this Court seeking judicial review of the Commissioner's decision finding him disabled. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Basis of Claimed Disability

Plaintiff claimed to be disabled since June 13, 2008 due to mental and physical impairments. (Doc. 13, p. 3).

### B.   Summary of Evidence Before the ALJ

Plaintiff was thirty-nine years old on the date of his hearing before the ALJ on July 30, 2008. (Doc. 13, p. 3). Plaintiff has a high school education and past relevant work as a meat cutter. Id.

As Plaintiff's appeal deals exclusively with his alleged mental impairments, the Court will focus its summary of the medical records on evidence addressing those impairments. In September 2009, Plaintiff had surgery to remove his gallbladder. (Doc. 13, p. 3). Plaintiff reported to his physicians that he was awake and remembered three incisions made during the surgery. Id. Plaintiff was referred for a psychiatric evaluation. Id. Michael Speisman, ARNP, performed a psychiatric evaluation on November 24, 2009. (Tr. 299-302). Mr. Speisman noted at the time of the examination Plaintiff was "tearful, crie[d] easily, ha[d] nightmares, and [was] emotionally labile." (Tr. 299). Mr. Speisman listed Plaintiff's abilities as being able to help out with household chores, help with the care of his children, and make decisions regarding his health care. (Tr. 301). Plaintiff was diagnosed with Depressive Disorder, NOS and assigned a GAF score of

55.[2] (Tr. 302). His prognosis was fair. Id.

Plaintiff's next visit with Mr. Speisman was December 14, 2009 and Plaintiff reported difficulty sleeping and feeling stressed due to family issues. (Tr. 297). Plaintiff returned on January 11, 2010 and reported feeling less depressed but Plaintiff's wife reported Plaintiff had a quick temper. (Tr. 295). On January 19, 2010, Plaintiff reported to his physician, Dr. Mhatre, that his mood was improving, but that he was not sleeping. (Tr. 294). Plaintiff was placed on Sinequan and instructed to use his C-Pap machine when he slept. Id.

On January 25, 2010, Plaintiff reported feeling overwhelmed by family issues. (Tr. 292). Mr. Speisman noted Plaintiff's mood had improved and Plaintiff's GAF was 60. Id. During Plaintiff's next visit on March 8, 2010, Plaintiff was tearful and stated he felt overwhelmed by responsibility. (Tr. 290). On April 29, 2010, Plaintiff reported he worried excessively and still felt depressed. (Tr. 288). On May 20, 2010, Mr. Speisman completed a treatment plan review where he noted Plaintiff needed to attend more scheduled appointments consistently. (Tr. 285). Mr. Speisman also opined Plaintiff had made significant progress coping with trauma and stress and had improved his functioning as a parent/spouse. (Tr. 286). Mr. Speisman believed Plaintiff had a more positive/optimistic outlook for the future and estimated Plaintiff's GAF was a 65.[3] (Tr.

---

[2] The Global Assessment of Functioning ("GAF") Scale describes an individual's overall psychological, social, and occupational functioning as a result of mental illness, without including any impaired functioning due to physical or environmental limitations. Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) at 32 (4th ed. 1994). A GAF score of 51-60 indicates moderate symptoms, or moderate difficulty in social or occupational functioning (e. g. few friends, conflicts with peers or co-workers). Id.

[3] A GAF score of 61-70 indicates some mild symptoms (e.g. depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning, but generally functioning pretty well.

286-87). The last treatment record for Plaintiff was dated June 7, 2010, at which time he reported difficulty sleeping, nightmares, and scratching his skin to the point of bleeding. (Tr. 282). Mr. Speisman listed Plaintiff's GAF as a 60.

    **C.**    **Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012. (Tr. 18). At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 13, 2008. Id. At step two, the ALJ found Plaintiff's severe impairments included hernia and obesity. Id. The ALJ noted Plaintiff's "left knee strain and depression [were] found to be non-severe impairments, as these impose no more than a minimal impact on [Plaintiff's] ability to perform work-related activity." (Tr. 19).

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ next found Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. (Tr. 20). In making this conclusion, the ALJ determined Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent with the above residual functional capacity." (Tr. 21).

Based on the RFC, the ALJ found that at step four, Plaintiff was not able to perform any of his past relevant work. (Tr. 22). Therefore, the ALJ proceeded to step five where he considered Plaintiff's age, education, and work experience and determined a finding of not disabled was directed by Medical-Vocational Rule 202.21. (Tr. 23).

## III. ANALYSIS

### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

B.     **Issue on Appeal**

Plaintiff argues one issue in this appeal, that the ALJ erred by failing to find Plaintiff suffered from severe mental impairments that impacted his RFC. (Doc. 13, p. 6). Plaintiff argues the ALJ's reasons for finding Plaintiff's mental impairments not severe are either directly contradicted by the evidence of record or are inconsistent with the Commissioner's rulings and regulations. Id. The Commissioner responds that substantial evidence supports the ALJ's finding that Plaintiff's depression was a non-severe impairment. (Doc. 14, p.3).

Plaintiff argues the ALJ listed three reasons for finding Plaintiff's depression was not severe. According to Plaintiff, the ALJ's reasons were: (1) despite alleging an onset of disability as of June 2008, Plaintiff did not seek treatment for his depression until November 2009; (2) the record did not show Plaintiff took any medications for depression or did not take the medications as prescribed; and (3) the depression did not meet the durational requirements of 20 C.F.R. §404.1505. (Doc. 13, pp. 8-9). With respect to the first two reasons, Plaintiff argues the mere fact that Plaintiff experienced an additional severe impairment after the onset date is not a sufficient reason to find the impairment not severe and Plaintiff notes that the record clearly indicates Plaintiff was prescribed numerous medications for his depression and there is nothing in the record to support a claim that Plaintiff was not taking medications as prescribed. Plaintiff is correct that neither of these reasons is sufficient to find Plaintiff's mental impairment to be non-severe. First, as Plaintiff points out, there is nothing wrong or even unusual about a claimant experiencing an additional severe impairment after the onset date. Further, Plaintiff is correct and the Commissioner concedes that the   medical records

indicate Plaintiff was prescribed medications for his depression and there are no records showing he failed to take the medications as prescribed.  Had the ALJ simply relied on these reasons for finding Plaintiff's depression to be non-severe, the undersigned would be compelled to reverse and remand.  However, the ALJ provided additional reasons for finding Plaintiff's depression to be non-severe and the undersigned believes these reasons are supported by substantial evidence.

As noted by Plaintiff, the ALJ also indicated that Plaintiff's mental impairment did not satisfy the durational requirements of 20 C.F.R. §404.1505, which provides:

> The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Plaintiff believes the ALJ focused simply on whether Plaintiff's depression lasted for a continuous period of twelve months and ignored the second part of the regulation regarding whether the depression could be expected to last for a continuous period of twelve months.  (Doc. 13, pp. 9-10).  However, Plaintiff has failed to point to any evidence supporting a finding that Plaintiff's depression was expected to last for twelve months.  As pointed out by the Commissioner, the medical records indicate Plaintiff's depression responded well to medication and Plaintiff's mood had improved.  (Doc. 14, p.6).  In May 2010, Mr. Speisman noted Plaintiff "made significant progress coping with trauma and stress, had improved functioning, and had a more positive/optimistic outlook for the future." (Tr. 286).

In any event, even assuming Plaintiff's depression could be expected to last for a continuous period of not less than twelve months, the Court still believes the ALJ

correctly found it to be non-severe. The Court is most compelled by the reason provided by the ALJ and not mentioned by Plaintiff: that Plaintiff's mental impairment did not cause more than minimal limitations on Plaintiff's ability to perform work activities. (Tr. 19).

At step two, the claimant bears the burden of proving the existence of a severe impairment. See Yuckert, 482 U.S. at 146. The "'severity' of an ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1988); see also 20 C.F.R. § 404.1520(c) ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment . . ."); and Social Security Ruling ("SSR") 96-3p (in considering an alleged impairment, the ALJ must evaluate evidence about its "functionally limiting effects" to determine how it affects the claimant's ability to do basic work activities). In the instant case, the ALJ specifically noted that Plaintiff's depression did not "cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and is therefore, non-severe." (Tr. 19). The ALJ went on to consider the four broad functional areas from 20 C.F.R. § 404.1520a with respect to Plaintiff's depression. Id. In the first functional area, activities of daily living, the ALJ determined Plaintiff had a mild limitation. Id. The ALJ observed that Plaintiff cared for four children while his wife was at work, was able to prepare meals and feed himself, and also helped with household chores. Id. The ALJ then considered the second functional area, social functioning, and determined Plaintiff had no limitation as Plaintiff alleged no difficulty

with social functioning and the record contained no reports of Plaintiff being uncooperative with any physicians. Id. Next, with respect to the functional area of concentration, persistence, or pace, the ALJ found Plaintiff had a mild limitation. Id. The ALJ noted Plaintiff spent seventeen to eighteen hours each day in bed, but was still able to take care of his four children while his wife was at work. Id. Lastly, the ALJ found Plaintiff had not experienced any episodes of decompensation, which have been of extended duration. (Tr. 20).

These findings support the ALJ's decision that Plaintiff's depression was not severe and Plaintiff failed to point to any evidence showing the depression caused any limitations on Plaintiff's ability to perform work activities. As such, the Court finds no error in the ALJ's determination that Plaintiff's depression was not severe.

IV. **CONCLUSION**

For the foregoing reasons, the Commissioner's decision is hereby **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this   25th   day of July, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

10